# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| ASM ASSEMBLY SYSTEMS SWITZERLAND GMBH<br>Hardturmstrasse 105<br>CH-8005 Zurich, Switzerland<br><br>and<br><br>ASM VECTORGUARD LIMITED<br>P.O. Box No. 5<br>37 Portland Road<br>Kilmarnock, Ayrshire, United Kingdom<br>KA1 2DJ<br><br>    Plaintiffs,<br><br>v.<br><br>QTS ENGINEERING, INC.<br>4 Marc Road<br>Medway, MA. 02053,<br><br>    Defendant. | Civil Case No. |

## COMPLAINT FOR PATENT INFRINGEMENT

ASM Assembly Systems Switzerland GmbH ("ASM") and ASM VectorGuard Limited ("ASM VectorGuard") allege as follows and for its complaint against QTS Engineering, Inc. ("QTS"):

    1.    ASM is organized and existing under the laws of Switzerland, and has its principal place of business at Hardturmstrasse 105, CH-8005 Zürich, Switzerland.

    2.    ASM VectorGuard is organized and existing under the laws of the United Kingdom and has its principal place of business at P.O. Box No. 5, 37 Portland Road, Kilmarnock, Ayrshire, United Kingdom KA1 2DJ.

3. Upon information and belief, QTS Engineering, Inc. is a corporation organized and existing under the laws of the state of Massachusetts, and has its principal place of business at 4 Marc Road, Medway, MA 02053.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., as is more fully set forth below.

5. This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over QTS because QTS resides in this district.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because defendant is subject to personal jurisdiction, and because the accused product has been offered for sale in this judicial district.

## FACTUAL BACKGROUND

8. ASM is the industry-leading provider of screen printing equipment and processes for a wide range of customers around the world. Among ASM's product offerings is the VectorGuard® stencil frame. ASM manufactures, sells and licenses technologies associated with foil stencils, including foil frames, for use with tensioning frames, including the VectorGuard® stencil frame.

9. Upon information and belief, QTS is in the business of developing stencil frames for use in automated stencil printers in electronics manufacturing. Among QTS' products is the Apshen Stencil Foil Adapter System ("Apshen Frame"), which QTS describes on its website as being designed for use with the "DEK® VectorGuard® High Tension stencil frame." Information about the Apshen Frame is available at http://qtsframe.com/products.php?IDMenu=855.

10. QTS has used and, upon information and belief, offered for sale and sold the Apshen Frame in this judicial district.

11. On information and belief, QTS's customers use the Apshen Frame in this judicial district and elsewhere in the United States.

12. ASM VectorGuard is the owner by way of assignment of U.S. Patent No. 8,490,545 ("the '545 Patent"), entitled "PRINTING SCREENS, FRAMES THEREFOR AND PRINTING SCREEN UNITS." The '545 Patent was duly and legally issued by the United States Patent and Trademark Office on July 23, 2013. The '545 Patent is still in force and effect and is presumed valid under the U.S. patent laws. A copy of the '545 Patent is attached hereto as Exhibit A.

13. ASM is the exclusive licensee to the '545 Patent.

14. QTS is aware of and has notice of the '545 Patent.

15. ASM VectorGuard is the owner by way of assignment of U.S. Patent No. 8,904,929 ("the '929 Patent"), entitled "PRINTING SCREENS, FRAMES THEREFOR AND PRINTING SCREEN UNITS." The '929 Patent was duly and legally issued by the United States Patent and Trademark Office on December 9, 2014. The '929 Patent is still in force and effect and is presumed valid under the U.S. patent laws. A copy of the '929 Patent is attached hereto as Exhibit B.

16. ASM is the exclusive licensee to the '929 Patent.

17. Upon information and belief, QTS is aware of and has notice of the '929 Patent.

18. ASM has licensed rights under the '545 Patent and the '929 Patent to third parties who have been offering to sell and, upon information and belief, are selling stencil foils in this district.

## COUNT I
## INFRINGEMENT OF THE '545 PATENT

19. Plaintiffs incorporate the allegations set forth in Paragraphs 1-18 above as if each were separately set forth at length herein.

20. QTS has been and still is directly infringing at least claim 1 of the '545 Patent under 35 U.S.C. §271(a) by making, using, offering to sell, and/or selling the Apshen Frame.

21. QTS's acts, including making, using, offering to sell, and/or selling the Apshen Frame, were done with knowledge of the '545 Patent.

22. QTS's infringement of the '545 Patent has been willful.

23. QTS's infringement has caused, and continues to cause, Plaintiffs and their licensees to suffer injury and economic damages.

24. Upon information and belief, QTS's infringement of the '545 Patent will continue unless enjoined by this Court.

25. As a result of QTS's infringement, Plaintiffs have suffered monetary damages in an amount not yet determined.

26. The infringement by QTS is causing irreparable harm to Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless QTS's infringing activities are enjoined by this Court.

## COUNT II
## INFRINGEMENT OF THE '929 PATENT

27. Plaintiffs incorporate the allegations set forth in Paragraphs 1-26 above as if each were separately set forth at length herein.

28. QTS has been and still is directly infringing at least claim 1 of the '929 Patent under 35 U.S.C. §271(a) by making, using, offering to sell, and/or selling the Apshen Frame.

29. QTS's acts, including making, using, offering to sell, and/or selling the Apshen Frame, were done with knowledge of the '929 Patent.

30. QTS's infringement of the '929 Patent has been willful.

31. QTS's infringement has caused, and continues to cause, Plaintiffs and their licensees to suffer injury and economic damages.

32. Upon information and belief, QTS's infringement of the '929 Patent will continue unless enjoined by this Court.

33. As a result of QTS's infringement, Plaintiffs have suffered monetary damages in an amount not yet determined.

34. The infringement by QTS is causing irreparable harm to Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless QTS's infringing activities are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a) enter judgment that QTS has infringed the '545 Patent and the '929 Patent;

b) preliminarily and permanently enjoin QTS, and its respective officers, subsidiaries, agents, servants, employees, attorneys, and all persons in active concert with them, from any further infringement of the '545 Patent or the '929 Patent;

c) award damages under 35 U.S.C. § 284 in an amount sufficient to compensate ASM for QTS's infringement to be determined at trial;

d) award treble damages upon a finding that Defendant's infringement has been willful under 35 U.S.C. § 284;

e) declare this case exceptional and award Plaintiffs their reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

f) order QTS to pay costs, pre-judgment interest and post-judgment interest to Plaintiffs;

g) order an accounting for any infringing sales not presented at trial and award additional damages for any such infringing sales; and

h) award such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 23, 2016

ASM ASSEMBLY SYSTEMS SWITZERLAND GMBH and ASM VECTORGUARD LIMITED,

By their attorneys,

/s/Heather B. Repicky
David L. Ferrera (BBO # 631183)
dferrera@nutter.com
Heather B. Repicky (BBO # 663347)
hrepicky@nutter.com
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
p: 617-439-2000
f: 617-310-9000

Mark C. Johnson
mjohnson@rennerotto.com
Kyle B. Fleming
kfleming@rennerotto.com
RENNER, OTTO, BOISELLE & SKLAR, LLP
1621 Euclid Avenue
Floor 19
Cleveland, Ohio 44115
p: 216-621-1113
f: 216-621-6165

3171198.1